IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARON YASIN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| FIRST TRANSIT, INC. | § | |

## FIRST TRANSIT, INC.'S NOTICE OF REMOVAL

TO THE HONORABLE DISTRICT COURT JUDGE:

Defendant First Transit, Inc., files its Notice of Removal in accordance with 28 U.S.C. § 1446(b) and in support thereof would show the Honorable Court:

## STATE COURT PROCEEDINGS

1. On June 3, 2022, Sharon Yasin filed her original petition in the 127th Judicial District Court of Harris County, Texas, Cause No. 2022-33206. In her petition, Yasin named and served only First Transit, Inc.

2. Ms. Yasin claims a "violation" of her "ADA rights" and further evidently seeks redress under § 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794. Ms. Yasin is presumably referring to the Americans with Disabilities Act when claiming First Transit somehow violated her "ADA rights." *See* 42 U.S.C. § 12101, et seq.

3. Ms. Yasin served First Transit on June 16, 2022. First Transit filed its answer in state court on June 29, 2022. No further proceedings have taken place in state court.

## BASIS FOR REMOVAL

4. Both the ADA and RA are claims arising out of federal law. In addition, Ms. Yasin alleges the tort of intentional infliction of emotional distress or IIED. Ms. Yasin alleges all three claims based on one incident that occurred on February 7, 2021.

1

5.     Removal is proper because Yasin's suit involves a federal question over which this Court has original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(a). Specifically, Yasin alleges violations of the ADA and RA.

6.     Further, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. A court may, at its discretion, decline to exercise supplemental jurisdiction when "the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367

7.     Ms. Yasin's state law claim is for the intentional infliction of emotional distress. This is a "gap-filler" tort and is unavailable where the gravamen of a plaintiff's claim is the type of wrong that a statutory remedy was meant to cover. *Hoffman-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004). A plaintiff cannot maintain a claim for IIED regardless of whether the plaintiff succeeds on, or even makes, a statutory claim. *Id.* As such, there is no issue with exercising supplemental jurisdiction over Yasin's IIED claim because the IIED does not raise a novel or complex issue of Texas law and does not substantially predominate over the ADA and RA claims. To the contrary, Yasin cannot maintain an IIED claim against First Transit as she is already pursuing an ADA and RA claim.

## STATE COURT DOCUMENTS

8. In accordance with 28 U.S.C. § 1446(a), and Local Rule 81, Defendant is attaching copies of the following:

    a. All executed process in this case (Exhibit 1)
    b. Plaintiff's Original Petition (Exhibit 2)
    c. Defendant's Original Answer (Exhibit 3)
    d. The state court docket sheet (Exhibit 4)
    e. An index of documents being filed (Exhibit 5)
    f. A list of all counsel of record, including address, telephone numbers, and parties represented (Exhibit 6)

9. Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where this suit has been pending.

## VENUE

10. Venue is proper in this district court under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this district.

## JURY DEMAND

11. First Transit demands a jury trial in accordance with Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION

Defendant prays that this Court take jurisdiction of this action to the exclusion of any further proceedings in the state court and dismiss it with prejudice.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Ezra L. Finkle*
EZRA L. FINKLE, Attorney-in-Charge
State Bar No.: 24090754
SDTX No. 1504398
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
Ezra.Finkle@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT, FIRST TRANSIT, INC.**

## CERTIFICATE OF SERVICE

This is to certify that on July 1, 2022, the foregoing document was served on the following individual through the CM/ECF System:

Sharon Yasin
7225 Bellerive #212
Houston, Texas 77036
Tel: (512) 822-6055
E-mail: first.transit.courtcases@gmail.com
Plaintiff Pro Se

*/s/ Ezra L. Finkle*
EZRA L. FINKLE

4